1   McGREGOR W. SCOTT
    United States Attorney
2   LAURA D. WITHERS
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone:  (559) 497-4000
    Facsimile:  (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00185-NONE-SKO

12                        Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                           FINDINGS AND ORDER

14  SHERMAN SMITH,                         DATE: May 18, 2020
                                           TIME: 1:00 p.m.
15                        Defendant.       COURT: Hon. Sheila K. Oberto

16

17          This case is set for status on May 18, 2020.  On April 17, 2020, this Court issued General Order

18  617, which suspends all jury trials in the Eastern District of California scheduled to commence before

19  June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and

20  previous General Orders were entered to address public health concerns related to COVID-19.

21          Although the General Orders address the district-wide health concern, the Supreme Court has

22  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

23  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

24  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

25  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

26  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

27  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

28  or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on May 18, 2020.

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

2.      By this stipulation, the parties now move to continue the status conference until July 6, 2020, and to exclude time between May 18, 2020, and July 6, 2020, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, and to discuss potential resolution with his client.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 18, 2020 to July 6, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///

1      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4          IT IS SO STIPULATED.

5

6

7  Dated:  May 12, 2020                              McGREGOR W. SCOTT
                                                     United States Attorney
8
                                                     /s/ LAURA D. WITHERS
9                                                    LAURA D. WITHERS
                                                     Assistant United States Attorney
10

11

12  Dated:  May 12, 2020                             /s/ ROGER D. WILSON
                                                     ROGER D. WILSON
13                                                   Counsel for Defendant
                                                     SHERMAN SMITH
14

15

16

17                            **FINDINGS AND ORDER**

18

19  IT IS SO ORDERED.

20  Dated:   **May 12, 2020**              /s/ *Sheila K. Oberto*

21                                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME          4
PERIODS UNDER SPEEDY TRIAL ACT